UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NATASHA SANDYFORD,

                Plaintiff,

  -against-                                         **REPORT AND RECOMMENDATION**

FORT GREENE SENIOR CITIZENS COUNCIL, INC.,      06-CV-6785 (DLI) (JMA)

                Defendant.
-------------------------------------------------------------------X

A P P E A R A N C E S:

Saul D. Zabell
Zabell & Associates, P.C.
4875 Sunrise Highway, Suite 300
Bohemia, NY 11716
    *Attorney for Plaintiff*

Arlene F. Boop
Alterman & Boop, LLP
35 Worth Street
New York, NY 10013

Sinha T. Sumantra
S. Tito Sinha, P.C.
125-10 Queens Boulevard
Suite 324
Kew Gardens, NY 11415
    *Attorneys for Defendant*

**AZRACK**, **United States Magistrate Judge:**

      Plaintiff, Natasha Sandyford ("Sandyford"), commenced the above-captioned action on December 27, 2006, claiming that defendant, Fort Greene Senior Citizens Council ("Fort Greene"), engaged in sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e (2006) et seq., New York State Executive Code § 290 et seq., and New York City Administrative Code § 8-102 et seq. (Dkt. No. 1.) On

1

February 14, 2008, Fort Greene moved for summary judgment as to all claims. (Dkt. No. 15.) On March 16, 2009, the Honorable Dora L. Irizarry, United States District Judge granted defendant's summary judgment motion in its entirety. (Dkt. No. 23 ("Summ. J. Order").) Defendant now moves for attorney's fees pursuant to Title VII and New York City Administrative Code § 8-502(f) and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. On April 14, 2009, Judge Irizarry referred defendant's motion to me for a report and recommendation. For the reasons discussed below, I respectfully recommend that the Court deny defendant's motion for attorney's fees and costs.

## I. <u>BACKGROUND</u>

The facts that gave rise to Sandyford's claims are detailed extensively in Judge Irizarry's summary judgment order. (Summ. J. Order at 1–11.) Consequently, only those facts relevant to the instant motion will be discussed here.

During the summer of 2006, Sandyford, who was nineteen years old at the time, worked for Fort Greene as a "Sub Clerical Aid." (Boop Decl., Ex. B.) Throughout this period, she had daily contact with another Fort Greene employee named Gordon Bayne ("Bayne"), a sixty-nine year old "Program Assistant" who assigned her clerical tasks such as photocopying records. (Sandyford Dep. 114:7–14; Bayne Dep. 7:14–15, 22:21–24:13; Summ. J. Order at 19 n.8.) When Sandyford first started working at Fort Greene, Bayne greeted her daily by shaking her hand. (Sandyford Dep. 78:18–24; Bayne Dep. 10:22–11:19.) After approximately two weeks, he began greeting her by kissing her hand without asking for her permission. (Sandyford 78:25–79:6.) In addition to this conduct, which Bayne admitted, Sandyford claimed that Bayne made comments from his office window about "what she did while entering the building," tried to hug her while they were alone in his office, and tried to kiss her while they were alone in her office.

(Compl. ¶ 16–19, 21.) Bayne denied these additional allegations. (Bayne Dep. 29:23–31:7, 43:2–7.) Sandyford also claimed that Bayne once called her at her home to "see how [she] was doing," which she considered harassment because Bayne had no legitimate reason to call her at that time. (Sandyford Dep. 77:23–24, 96:14–16.) Bayne admitted calling Sandyford but claimed that he called to inquire about the status of a perfume order he had placed for his wife through Sandyford. (Bayne Dep. 37–8–38:11.)

As a result of the alleged conduct, Sandyford lodged a formal complaint with Fort Greene regarding Bayne. (Sandyford Dep. 65:12–20, 69:18–70:3.) In response, Fort Greene managers met with both Sandyford and Bayne and transferred Bayne to a different facility in order to ensure that he and Sandyford remained separated for the duration of Sandyford's tenure at Fort Greene. They also issued a written memorandum to Bayne instructing him to refrain from making physical contact with any employee and warning him that further such conduct could result in disciplinary action. Management also asked the company's outside counsel Daniel L. Alterman ("Alterman") to investigate the allegations. (Macey Dep. 36:13–16, 40:13–41:22). At the close of the investigation, Alterman issued a written report in which he found that Bayne's conduct "may have been perceived . . . as sexual harassment [in] violation of policy" but that some of the allegations of misconduct were "uncorroborated." (Boop Decl., Ex. X at 4.) Alterman recommended that Fort Greene reprimand Bayne and warn him that any further contact that could be perceived as harassment "may result in dismissal." Id.

In granting summary judgment, Judge Irizarry considered both the factual and legal bases of Sandyford's claims. She held that Bayne's conduct was "inappropriate" but that Sandyford failed to establish a prima facie case because her status as a temporary employee and the proximity between her complaint and scheduled separation from Fort Greene precluded her from

establishing the requisite discriminatory intent. (Dkt. No. 23 at 13–14.) Regarding Bayne's conduct, Judge Irizarry concluded that "hand kissing and the request for or initiation of physical contact . . . at the work place is inappropriate; however, on the whole, the conduct does not rise to the level of severity that is actionable in this circuit." (Dkt. No. 23 at 17.) Finally, Judge Irizarry found that Bayne's conduct, though inappropriate, did not constitute a tangible adverse employment action attributable to Fort Greene.

## II. **DISCUSSION**

A. Attorney's Fees.

Having succeeded in their motion for summary judgment, defendants now seek $31,360.75 in attorney's fees pursuant to 42 U.S.C. § 2000e-5(k). In an action brought under Title VII, the Court has discretion to award attorney's fees to the prevailing party. 42 U.S.C. § 2000e-5(k). While a prevailing plaintiff will be awarded attorney's fees under most circumstances, a prevailing defendant may only be awarded attorney's fees if the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[1] Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). In Christiansburg, the Supreme Court noted that this difference is warranted, in part, because "the plaintiff is the chosen instrument of Congress" to further an important policy choice. Id. Consequently, courts should be "extremely cautious" to "avoid chilling the vital ability of persons who believe that they are victims of discrimination to seek recourse." Franchitti v. Bloomberg, L.P., 411 F. Supp. 2d 466, 468 (S.D.N.Y. 2006). Moreover, courts "must remain acutely aware that claims of discrimination in the workplace often can be difficult to prove, even where discrimination

---

[1] Even where the Christiansburg standard is satisfied, some districts courts have denied attorneys fees based on equitable grounds including undue financial burden on the plaintiff. See e.g., Franchitti v. Bloomberg, L.P., 411 F. Supp. 2d 466, 469 (S.D.N.Y. 2006); Kota v. Abele Tractor & Equip. Co., No. 88-CV-632, 1990 WL 37896, at *2 (N.D.N.Y. Mar. 23, 1990).

actually has occurred, and that an award of attorney's fees to a prevailing defendant in such a case usually will not be warranted." Id. (emphasis added).

When analyzing the plaintiff's claims, courts should avoid concluding, post-hoc, that a claim is frivolous simply because the plaintiff did not prevail. Christiansburg, 434 U.S. at 421–22. After all, "no matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable." Id. at 422. For this reason, a defendant is not automatically entitled to an award of attorney's fees even if a plaintiff cannot establish a prima facie case or loses on summary judgment. See, e.g., Rikhy v. AMC Computer Corp., No. 01-CV-7007, 2003 WL 1618529, at *6 (S.D.N.Y. Mar. 28, 2003) (granting summary judgment for defendants but denying fees even though plaintiff's claims lacked a "proper evidentiary basis"); Kota v. Abele Tractor & Equip. Co., No. 88-CV-632, 1990 WL 37896, at *1 (N.D.N.Y. Mar. 23, 1990) (holding that failure to establish a prima facie case is not dispositive of whether a claim is frivolous).

While this Circuit has not articulated an exact definition of "frivolous," it has "indicated in particular cases what is meant by "frivolous, unreasonable, or without foundation." See Am. Fed'n of State, County & Mun. Employees ("AFSCME") v. County of Nassau, 96 F.3d 644, 650–51 (2d Cir. 1996). In AFSCME, the court identified frivolous claims as claims which were previously litigated, claims in which the plaintiff did not produce any evidence, claims where the "evidence of non-discrimination was 'uncontradicted'" and claims in which the plaintiff could "not point to a deprivation of any single right conferred by federal law or the . . . Constitution." Id. (citations omitted). Ultimately, whether an award of attorney's fees to a prevailing defendant is appropriate will be based on whether the underlying claim had some basis in fact. See Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006).

Here, Fort Greene is the prevailing party by virtue of Judge Irizarry's summary judgment order dismissing plaintiff's claims. See e.g., Davis v. Yellow Freight Systems, Inc., No. 03-CV-328, 2005 WL 1388889, at *1 (N.D.N.Y. June 8, 2005). However, Sandyford's claims were not frivolous, unreasonable, or without foundation. Bayne admittedly engaged in conduct, including physical contact, that both Fort Greene's outside counsel and Judge Irizarry deemed improper. Alterman found that the conduct was severe enough to warrant a written reprimand, separation from female staff, and two years of monitoring. Judge Irizarry found that the conduct was "inappropriate" behavior for a workplace. Thus it is clear that Sandyford's claims had some basis in fact. Panetta, 460 F.3d at 399.

That Judge Irizarry ultimately dismissed the complaint does not render Sandyford's claims frivolous. Rikhy, No. 01-CV-7007, 2003 WL 1618529, at *6; Kota, 1990 WL 37896, at *1. Judge Irizarry did not find uncontroverted evidence of non-discrimination and found no reason to question the veracity of Sandyford's factual assertions. AFSCME, 96 F.3d at 650–51. Rather, her decision to dismiss the complaint was based on a painstaking analysis of intricate questions of law such as sufficient proof of intent and threshold issues such as Sandyford's employment status and Fort Greene's vicarious liability. Finally, like many sexual harassment claims, plaintiff's case was inherently difficult to prove since some of the alleged harassment took place when plaintiff and Bayne were alone together. Such situations warrant a cautious exercise of discretion so as to avoid the possible chilling effects likely to result from penalizing a plaintiff with a meritorious but difficult to prove claim. Franchitti, 411 F. Supp. 2d at 468. Accordingly, I respectfully recommend that defendant's motion for attorney's fees be denied.

B. Costs.

Defendant also seeks $1,835.75 in costs pursuant to Federal Rule of Civil Procedure 54(d). Under Rule 54(d), costs are awarded "as of course" and "the losing party has the burden to show that costs should not be imposed." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001). The Second Circuit has explicitly held that the heightened Christiansburg standard for the award of attorney's fees to a prevailing Title VII defendant does not apply to an application for costs under Rule 54(d). Cosgrove v. Sears, Roebuck & Co., 191 F.3d 98, 101 (2d Cir. 1999). Nevertheless, the prevailing party is required to show "that the expenses [it] seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D.Mich. 1995) (citation omitted). To meet this burden, the prevailing party must present sufficient evidence to show that each of the costs it has requested to be taxed was "reasonably necessary" and not for the "mere convenience of counsel." Id. at 344 n. 2.

Rule 54(d) "generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Accordingly, a court "need not award costs if it finds that such an award would be inequitable." Edwards v. Brookhaven Sci. Assoc., No. 03-CV-6123, 2006 WL 3497861, at *2 (E.D.N.Y. Dec. 4, 2006) (citation omitted). When determining whether an award of costs would be inequitable, courts "may consider factors such as the plaintiff's financial hardship and good faith in bringing the action." Edwards, 2006 WL 3497861, at *2. Additionally, courts may consider whether imposing costs on plaintiffs may serve to "chill individual litigants of modest means seeking to vindicate their individual and collective rights." Ferguson v. McDonnell Douglas Services, Inc., No. 94-CV-39, 1996 WL 705875, at *1 (N.D.N.Y. Nov. 29, 1996) (citation omitted).

In the instant case, defendant seeks $1,835.75 in costs. However, it has submitted no itemization or other evidence substantiating the request. Defendant merely stated that the "total expenses in this matter, including deposition costs and Xeroxing fees, totaled $1,835.75." (Dkt. No. 25.) Consequently, defendant has failed to establish that its costs were "reasonably necessary" and not for the "mere convenience of counsel," Berryman, 161 F.R.D. at 344 n.2, and the Court has no basis upon which to assess the validity of the application. Furthermore, defendant does not dispute plaintiff's claim that she is unable to pay these costs. Sandyford has always lived with her mother and is currently a full-time nursing student with no source of income. Thus, an award of costs would force her to shoulder an inequitable monetary burden. Moreover, imposing costs on a plaintiff such as Sandyford, who lacks independent financial resources, would deter "litigants of modest means" from bringing suit and thus have a chilling effect on the ability of plaintiffs to defend their civil rights. Ferguson, 1996 WL 705875, at *1. In addition, there is no evidence of bad faith on plaintiff's part. Indeed, defendant has admitted that "inappropriate" conduct took place. Courts in this circuit routinely deny costs under such circumstances. See e.g., Edwards, 2006 WL 3497861, at *2 (finding award of costs inequitable where plaintiff was an individual litigant with "limited resources," defendant did not dispute plaintiff's financial state, and there was no allegation of bad faith); Owen v. Georgia-Pacific Corp., No. 303-CV-378, 2005 WL 3542407, at *2 (D. Conn. Nov. 28, 2005) (holding award of costs against plaintiff "inequitable" where plaintiff lost on summary judgment but her claims "were not frivolous" and defendant did not challenge her claims of financial hardship); Batista v. Union of Needleworkers, Indus. & Textile Employees, No. 97-CV-4247, 2001 WL 1097981, at *2 (S.D.N.Y. Sept. 10, 2001) (finding that a defendant who prevailed on summary judgment was not entitled to an award of costs because plaintiff only made $34,902 annually, supported a wife

and three children, paid rent, and had debts); Brodie v. Pressley, No. 95-CV-1197, 1999 WL 691960, at *2 (S.D.N.Y. Sept. 7, 1999) (denying costs where defendant did not dispute plaintiff's claim of indigence, plaintiff was a prisoner "without worldly means" and claims were pursued in good faith); Bekiaris v. U.S., No. 96-CV-302, 1998 WL 734362, at *1 (S.D.N.Y. Oct. 20, 1998) (denying costs because plaintiffs made less than $30,000 per year and there was no indication of bad faith). Accordingly, I respectfully recommend that defendant's motion for costs be denied.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant's motion for attorney's fees and costs be denied. Defendant is hereby ordered to serve a copy of this report and recommendation on plaintiff and to promptly file proof of service by ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court by ECF within ten (10) days of the date of entry of this report and recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

SO ORDERED.

Dated: August 20, 2009
       Brooklyn, New York

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE